IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GENEVIEVE D. CORBITT,** *et al.***,**

      Plaintiffs,

                                                  **Civil Action 2:15-cv-1725**
    vs.                                     **Judge Watson**
                                                  **Magistrate Judge King**

**FEDERAL NATIONAL MORTGAGE
ASSOCIATION,**

      Defendant.

<u>**REPORT AND RECOMMENDATION**</u>

This matter is now before the Court, upon a specific order of reference pursuant to 28 U.S.C. § 636(b)(1)(B), *see Order*, ECF 12, for consideration of *Plaintiffs Genevieve Corbitt and Thomas Corbitt's Motion to Remand*, ECF 8 ("*Motion to Remand*"). For the reasons that follow, it is **RECOMMENDED** that the *Motion to Remand* be **DENIED**.

**I.  BACKGROUND**

This action was originally filed in the Court of Common Pleas for Delaware County, Ohio, on April 3, 2015, and was removed to this Court on May 7, 2015, on the basis of diversity jurisdiction, 28 U.S.C. § 1332. *Notice of Removal*, ECF 1. Plaintiffs Genevieve and Thomas Corbitt (collectively, "plaintiffs" or "the Corbitts") are individuals residing in Delaware County, Ohio. *Complaint*, ECF 2, ¶ 1. Defendant Federal National Mortgage Association ("defendant" or "FNMA") is a Delaware corporation with pooling and servicing agreements with various mortgage servicers, including Bank of America, N.A. ("Bank of America"), and its predecessor entities, including BAC Home Loans

1

Servicing LP ("BAC Home Loans"), as well as Green Tree Servicing LLC ("Green Tree"). *Id*. at ¶ 4. The *Complaint* alleges that plaintiff Genevieve Corbitt is the owner of real estate located at 101 W. Cherokee Drive, Powell, Ohio ("the Property"), in which plaintiff Thomas Corbitt, as her spouse, holds a dower interest. *Id*. at ¶¶ 2-3. On February 14, 2007, plaintiff Genevieve Corbitt executed a promissory note in the amount of $336,000 ("the Note") to Countrywide Home Loans, which was secured by a mortgage on the Property on the same date ("the Mortgage"). *Id*. at ¶¶ 5-6. *See also* Exhibit A (copy of the Mortgage, identifying, *inter alia*, Parcel ID Number 600-341-02-004-000, which reflects the address of 101 W. Cherokee Drive, Powell, Ohio), attached to *Defendant Fannie Mae's Memorandum in Opposition to Plaintiffs' Motion to Remand*, ECF 10 ("*Memo. in Opp.*"). The Mortgage was recorded with the Delaware County Recorder's Office. *Complaint*, ¶ 7.

On October 14, 2011, plaintiffs filed a complaint in the Delaware County Court of Common Pleas against BAC Home Loans and Bank of America, asserting claims in connection with the servicing of the Note and Mortgage. *Id*. at ¶ 8 (citing Case No. 11 CVH 1257). That action was removed to this Court on November 14, 2011. *Id*. at ¶ 9 (citing Case No. 2:11-cv-1017) ("the earlier federal proceeding"). The answer of BAC Home Loans and Bank of America in the earlier federal proceeding did not contain a counterclaim for foreclosure. *Id*. at ¶ 10. On September 17, 2012, these defendants and plaintiffs entered into a settlement, resulting in the voluntary dismissal of the earlier federal proceeding action in October 2012. *Id*. at ¶ 11.

2

On February 14, 2013, FNMA filed a complaint for foreclosure against the Corbitts in the Delaware County Court of Common Pleas ("state court" and "the state court foreclosure action"). *Id*. at ¶ 12 (citing Case No. 13 CVE 020137). In later denying FNMA's motion for summary judgment, the state court first noted that the Mortgage had granted Countrywide Home Loans a lien on the Property, which was first assigned to Bank of America and was later assigned to FNMA. Exhibit A (state court Journal Entry dated February 6, 2014), p. 3 ("February 6, 2014 Journal Entry"), attached to the *Complaint*. The state court also found that Genevieve Corbitt had defaulted on the Note by failing to make payments due on June 1, 2011, and that the balance due was $319,350.27, plus interest. *Id*. The state court determined that FNMA's claims, based on the June 1, 2011 default, existed at the time FNMA was served in the earlier federal court action and were therefore compulsory counterclaims that should have been asserted in the earlier federal action. *Id*. at 3-6. The state court concluded that the doctrine of *res judicata* barred FNMA's claims based on the June 1, 2011 default. *Id*. at 6-8. Thereafter, the state court granted the Corbitts' motion for summary judgment and motion to dismiss. *Complaint*, ¶ 17; Exhibit B (copy of Judgment Entry dated August 13, 2014) ("August 13, 2014 Journal Entry"), attached thereto. On September 11, 2014, FNMA filed a notice of appeal with the Fifth District Court of Appeals. *Complaint*, ¶ 18. After FNMA failed to file an appellate brief, the Fifth District Court of Appeals dismissed the appeal on January 23, 2015. *Id*.; Exhibit C (copy of judgment entry dated January 23, 2015) ("January 23, 2015 Judgment Entry").

3

On May 7, 2015, the Corbitts filed this action, seeking a declaration that defendant has no legally enforceable interest in the Property based on the prior proceedings.  *See Complaint*, ¶¶ 32-37.  Plaintiffs also assert a quiet title claim.  *Id*. at ¶¶ 38-42.  After this action was removed to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, *see Notice of Removal*, plaintiffs filed the *Motion to Remand*.  Defendant opposes this motion.  *See Memo. in Opp*.  No reply has been filed.

## II.   STANDARD FOR REMOVAL

Under 28 U.S.C. § 1441(a), "'[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants to the district court of the United States for the district and division embracing the place where such action is pending.'"  *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996) (quoting 28 U.S.C. § 1441(a)).  Federal courts are vested with "original 'diversity' jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest."  *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing 28 U.S.C. § 1332(a)).  The removing party bears the burden of demonstrating federal jurisdiction and all doubts should be resolved in favor of remand.  *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006).  This standard requires the moving party to demonstrate by a preponderance not only the diverse citizenship of the parties but also that the jurisdictional amount has been met. *Hayes v. Equitable Energy Res.*

4

*Co*., 266 F.3d 560, 571-72 (6th Cir. 2001); *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co*., 621 F.3d 554, 560 (6th Cir. 2010). This standard, however, "'does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement.'" *Hayes*, 266 F.3d at 572 (quoting *Gafford v. Gen. Elec. Co*., 997 F.2d 150, 158 (6th Cir. 1993), *abrogated on other grounds in Hertz Corp. v. Friend*, 559 U.S. 77 (2010)).

**III. DISCUSSION**

Plaintiffs first argue that defendant "waived its right to resort to the federal court system." *Motion to Remand*, p. 4. Plaintiffs contend that this case is based on the state court foreclosure action, which defendant could have filed in this Court on the basis of diversity jurisdiction. *Id*. Instead, defendant made the "clear and conscious decision" to file that action in state court, thereby effecting its "unambiguous relinquishment of a known right – resort to federal court." *Id*. (citing *In re Delta America Re Ins. Co*., 900 F.2d 890, 892 (6th Cir. 1990)).

Defendant argues that plaintiffs' reliance on *In re Delta* is misplaced. *Memo. in Opp*., p. 4-5. Noting that the facts and issues presented in *In re Delta* are different from those presented in this case, defendant acknowledges that *In re Delta* reiterates the principle that a waiver of the right to remove must be clear and unequivocal; here, defendant argue, it has never clearly and unequivocally waived its right to remove this proceeding. *Id*. at 5.

This Court agrees. "The right of removal of a suit from state

5

court to federal court is a statutory right. 28 U.S.C. § 1441." *In re Delta*, 900 F.2d at 892 (quoting *Regis Assoc. v. Rank Hotels, Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990)). "Although the right to remove can be waived, the case law makes it clear that such waiver must be clear and unequivocal." *Id*. (quoting *Regis Assoc.*, 894 F.2d at 195)). As defendant highlights, plaintiffs have cited to no authority to support the proposition that the prior filing of a foreclosure action in state court constitutes a "clear and unequivocal" waiver of the right to remove a subsequent, and separate, action. Indeed, this Court previously rejected a similar theory. *Power Mktg. Direct, Inc. v. Clark*, No. 2:05-cv-767, 2006 U.S. Dist. LEXIS 21444 (S.D. Ohio Apr. 20, 2006). In that case, the defendant first initiated an action regarding a contract dispute against the plaintiff in a Texas state court. *Id*. at *2. The Texas court later granted the plaintiff's motion to dismiss. *Id.* Thereafter, the plaintiff filed an action in the Court of Common Pleas for Franklin County, Ohio, asserting a breach of contract claim and seeking enforcement of a covenant not to compete. *Id*. After removal of the case to this Court on the basis of diversity jurisdiction, the plaintiff moved to remand the case, contending, *inter alia*, that the defendant had waived his right to remove the action because he had filed the earlier action in the Texas state court. *Id*. at *2-3. This Court disagreed, finding no waiver of the right to remove:

> On April 13, 2005, [the defendant] Jimmie Clark filed a claim against [the plaintiff] PMD challenging the enforceability of the agreement in Texas state court. Plaintiff contends that this conduct manifests defendant's intent to litigate in state court. However, PMD has not cited to any authority supporting the proposition that a

6

>change in party status resulting from two separate lawsuits
>in two different states constitutes forum shopping and a
>waiver of the right to remove.  Although Clark's
>counterclaim in this case resembles his cause of action in
>Texas, this is not sufficient to derive an intent to
>litigate only in state court.  The Court, therefore, holds
>that the previous action in Texas does not constitute
>waiver of Defendant's statutory right of removal to federal
>district court.

*Id*. at *6-7.  This Court reaches a similar conclusion. Based on the record presently before the Court, defendant's earlier filing of the state court foreclosure action does not constitute a "clear and unequivocal" waiver of its right to remove the present action to this Court.  *Id*.

The Court now turns to the merits of the *Motion to Remand*. *Defendant's Notice of Removal*, ECF 1, asserts that the parties are of diverse citizenship and that the amount in controversy exceeds $75,000.  *Id*. ¶¶ 5, 8. In regard to the jurisdictional amount, FNMA specifically alleges that, should plaintiffs prevail on their claims, the anticipated loss to defendant would exceed $319,000.00.  *Id. *at ¶8. Plaintiffs do not dispute that the parties are of diverse citizenship; plaintiffs do, however, disagree that the jurisdictional amount has been met.  *Motion to Remand*, pp. 2-4.  According to plaintiffs, because this action is based on the state court foreclosure action, which precludes defendant "from ever collecting on the note and mortgage" and which is now final, the *Rooker-Feldman* doctrine bars this Court from revisiting that decision. *Id*. at 4. Defendant disagrees, contending that the amount in controversy in an action seeking equitable or declaratory relief is measured by the value of the object of the litigation. *Memo. in Opp.*, p. 2.  The

7

object of this litigation is the Property and, although federal courts in Ohio may rely on various methods for determining the value of a property in a quiet title action, the amount in controversy in this case, by any method of valuation, exceeds $75,000.00. *Id*. at 2-3 (explaining that the face value of the Note was for $336,000.00 and that the assessed value of the Property exceeds $212,400.00). Defendant also disagrees that it is precluded from ever collecting on the Note, arguing that neither the Mortgage nor the Note was declared invalid or unenforceable. *Id*. at 3.  Rather, defendant argues, although the state court determined that defendant could not foreclose on the Property based on the June 1, 2011 default, the state court also expressly found that defendant was the holder of the Note and the Mortgage. *Id*. at 3-4.

Defendant's arguments are well-taken. As noted *supra*, this action seeks a declaration that defendant has, in light of the state court foreclosure action, no legally enforceable interest in the Property. *See Complaint*, ¶¶ 32-37.  It is well-settled that, in declaratory judgment actions, courts measure the amount in controversy by "the value of the object of the litigation." *Northup Props., Inc. v. Chesapeake Appalachia, L.L.C*., 567 F.3d 767, 770 (6th Cir. 2009) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)) (internal quotation marks omitted).  In the present case, plaintiffs do not disagree that the object of this litigation is the Property.  In determining the "value of the object of the litigation," federal court in Ohio have, as defendant observed, developed differing methods of calculating the value of a property in a quiet title

proceeding.  For example, one court in this district has concluded that it is the fair market value of the property, rather than damages alleged by a plaintiff, speaks to the amount in controversy.  *Johnson v. Shank*, No. 3:12-cv-241, 2014 U.S. Dist. LEXIS 25556, at *14-15 (S.D. Ohio Feb. 27, 2014) (taking judicial notice that the auditor's appraised value of the property at issue was $139,870.00, and concluding that defendants satisfied the amount in controversy requirement).  Another court in this district has determined that a mortgage in excess of $284,000.00 sufficiently established the value of the land at issue in a quiet title action  and that the jurisdictional amount had been met.  *Kalmanson v. Mortg. Elec. Registration Sys*., No. 1:11-cv-482, 2011 U.S. Dist. LEXIS 152727, at *4-8 (S.D. Ohio Dec. 23, 2011), *adopted and affirmed by* 2012 U.S. Dist. LEXIS 12651 (S.D. Ohio Feb. 2, 2012).  A district court in the Northern District of Ohio concluded that the amount due on a promissory note, $82,000.00, satisfied the jurisdictional requirement even though the property at issue was appraised at only $42,000.00.  *Alexander v. Deutsche Bank Nat'l Trust Co*., No. 3:12-cv-02704, 2013 U.S. Dist. LEXIS 86148, at *3, 5-8 (N.D. Ohio June 19, 2013).

Regardless of which method this Court employs, defendant has satisfied the amount in controversy requirement.  The record is undisputed that plaintiff Genevieve Corbitt executed the Note in the amount of $336,000, which was secured by the Mortgage on the Property.  *See Complaint*, ¶¶ 5-7; Exhibit A (copy of Mortgage), attached to *Memo. in Opp.*  Defendants also present copies of records from the Delaware County Auditor demonstrating that the assessed value of Parcel ID

Number 600-341-02-004-000 (101 W. Cherokee Drive, Powell, Ohio) is $142,200.00 and that the remaining nine vacant parcels of land also encumbered by the Mortgage each have an assessed value of $7,800.00, for a total assessed value of $212,400.00. Exhibit B, attached to *Memo. in Opp.* The authenticity of these records is uncontroverted. In short, whether the Court considers the amount of the Note and the Mortgage ($336,000.00) or the assessed value of the Property and the vacant parcels encumbered by the Mortgage ($212,400.00), the amount in controversy exceeds $75,000.00.

Finally, although the state court foreclosure action determined that defendant could not foreclose on the Property based upon the June 1, 2011 default, the state court also concluded that defendant was the holder of the Note and the assignee of the Mortgage. *See* February 6, 2014 Journal Entry, p. 3. Considering the present record as a whole, the Court concludes that defendant has shown by a preponderance of the evidence that it has satisfied the amount in controversy requirement. *See*, *e.g.*, *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 571-72 (6th Cir. 2001).

**WHEREUPON**, it is **RECOMMENDED** that *Plaintiffs Genevieve Corbitt and Thomas Corbitt's Motion to Remand*, ECF 8, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections

must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


August 7, 2015                                    *s/Norah McCann King*
                                                     Norah M<sup>c</sup>Cann King
                                              United States Magistrate Judge

11