UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Genevieve D. Corbitt, *et al.*,

    Plaintiffs,

v.

Federal National Mortgage
Association,

    Defendant.

Case No. 2:15–cv–1725

Judge Michael H. Watson

## OPINION AND ORDER

Genevieve and Thomas Corbitt ("Plaintiffs") filed a declaratory judgment action against Federal National Mortgage Association ("Defendant") in the Court of Common Pleas for Delaware County seeking a declaration that Defendant has no legally enforceable interest in a piece of property in Powell, Ohio, ("the Property") based on two prior proceedings. Defendant removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs move to remand the case to state court, arguing that this case fails to meet the amount in controversy requirement and that Defendant waived its right to remove this matter. ECF No. 8.

Magistrate Judge King issued a report and recommendation ("R&R") on August 7, 2015, recommending that the Court deny Plaintiffs' motion. R&R, ECF No. 16. Plaintiffs timely objected. ECF No. 17. For the reasons that follow, the

Court **OVERRULES** Plaintiffs' objection, **ADOPTS** the R&R, and **DENIES** Plaintiffs' motion to remand.

## I. BACKGROUND

Plaintiffs are individual citizens of the State of Ohio. Defendant is a Delaware corporation with its principal place of business in Washington, D.C. Defendant maintains agreements with mortgage servicers including Green Tree Servicing LLC ("Green Tree"), and Bank of America and its predecessors, which includes BAC Home Loans Servicing LP ("BAC").

The genesis of this litigation began in 2007 when Plaintiff Genevieve Corbitt obtained a $336,000 note on February 7, 2007 from Countrywide Home Loans ("the Note") that was endorsed in blank and contained an Allonge made payable to Defendant. Plaintiffs secured a mortgage on February 26, 2007 through BAC on the property ("the Mortgage"). The Mortgage was eventually assigned to Defendant on February 10, 2012. Plaintiff Thomas Corbitt holds a dower interest in the Property.

On October 14, 2011, Plaintiffs sued BAC and Bank of America in the Court of Common Pleas for Delaware County, alleging servicing violations ("the first litigation"). The defendants in that action removed the case to federal court. The litigation was short-lived. The case settled shortly after the defendants filed their answer.

On February 14, 2013, Defendant commenced a foreclosure action in the Court of Common Pleas for Delaware County, seeking arrears that had

apparently started to accrue either before or in early 2011 ("the second litigation"). The court dismissed the case finding that Defendant should have asserted its claim in the first litigation. In addition, the court stated that Defendant was the holder of the Note, by way of the Allonge, and the assignee of the Mortgage as matter of record on February 10, 2012. Compl. Ex. A, PAGEID # 44, ECF No. 2. Defendant filed an appeal but it was dismissed for want of prosecution.

Sometime in early 2014, the loan was transferred and Green Tree assumed management of the Mortgage from Countrywide Home Loans. Green Tree attempted to institute a trial payment plan through Defendant's home affordable modification program, and from August 6, 2014 until March 12, 2015, Plaintiffs and Green Tree exchanged correspondence regarding payments.

Plaintiffs then instituted this suit seeking a declaration that Defendant has no legally enforceable interest in the Property and a quiet title action in their favor. Defendant removed this case to federal court, and Plaintiffs now seek its remand.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b)(2) provides that "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district

judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The motion addressed in the R&R is one for remand. A civil case brought in state court may be removed by a defendant to federal district court if the case could have originally been brought in federal court. See 28 U.S.C. § 1441(a). Congress has granted federal courts jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between [] citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). "One principle is well-settled: for actions seeking a declaratory judgment, we measure the amount in controversy by 'the value of the object of the litigation.'" *Northup Props., Inc. v. Chesapeake Appalachia, LLC*, 567 F.3d 767, 770 (6th Cir. 2009) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

The burden is on Defendant to show by a preponderance of the evidence that the allegations in the complaint at the time of removal satisfy the amount-in-controversy requirement. *Id.* (citation omitted).

### III. DISCUSSION

Magistrate Judge King recommends the Court deny Plaintiffs' motion. First, Magistrate Judge King determined that Plaintiffs' theory that Defendant waived its right of removal is without merit. R&R 6, ECF No. 16 (quoting *In re Delta*, 900 F.3d 890, 892 (6th Cir. 1990)) ("Although the right to remove can be waived, the case law makes it clear that such waiver must be clear and

unequivocal."). Magistrate Judge King found no evidence of waiver and rejected Plaintiffs' theory that, by filing a foreclosure action in *state* court, Defendant clearly and unequivocally waived its right to remove a subsequent, and separate, action to federal court. *Id.* (discussing *Power Mktg. Direct, Inc. v. Clark*, No. 2:05-CV-767, 2006 WL 2583342 (S.D. Ohio Apr. 20, 2006), which addressed a similar theory and determined that initiating a previous state suit, alone, was not sufficient to derive an intent to only litigate in state court).

Second, Magistrate Judge King assessed the amount in controversy in this case. Finding that Plaintiffs do not disagree that the object of this litigation is the Property, Magistrate Judge King assessed the Property's value. *Id.* at 8. She found that the record was undisputed that Plaintiff Genevieve Corbitt executed the Note (secured by the Mortgage) in the amount of $336,000. *Id.* at 9. She also found that a Delaware County Auditor ("the Auditor") assessed the value of the Property at $142,200. *Id.* at 10. The Auditor also assessed the vacant parcels of land that are also encumbered by the Mortgage at a total value of $7,800. *Id.* Magistrate Judge King determined the authenticity of the Auditor's findings is uncontroverted. *Id.*

Magistrate Judge King, therefore, concluded: "whether the Court considers the amount of the Note and the Mortgage ($336,000.00) or the assessed value of the Property and the vacant parcels encumbered by the Mortgage ($212,400.00), the amount in controversy exceeds $75,000.00." *Id.*

It is undisputed that the parties are completely diverse.

Plaintiffs' sole objection is based on Magistrate Judge King's evaluation of the object of the litigation for purposes of calculating the amount in controversy. Obj. PAGEID # 136, ECF No. 17. Plaintiffs argue that the second litigation established that Defendant does not have a right to the Property and therefore the value of it cannot be used to determine the amount in controversy. Therefore, Plaintiffs argue that the record in front of the Court at the time of removal does not support a finding that the amount in controversy is met.

Plaintiffs' objection is not well taken. Plaintiffs conflate the analysis to determine the worth of the object of the litigation with the merits of the case. Defendant may very well be precluded from collecting under the Note and Mortgage; however, whether Defendant has any interest in the Note and Mortgage is not the question currently before the Court at this time.

The issue before the Court is whether the amount in controversy in this case meets the statutory requirement. Plaintiffs seek declaratory relief. Specifically, Plaintiffs ask for the Court to find that Defendant has no legally enforceable interest in the Note and Mortgage and to find that Plaintiffs' obligations under the Note are satisfied. There is no reason that this declaratory action should be valued any differently than any other action seeking no monetary damages but seeking declaratory relief. See *YA Landholdings, LLC v. Sunshine Energy, KY I, LLC*, 871 F. Supp. 2d 650, 652 (E.D. KY 2012). Plaintiffs do not point to any authority in support of a result to the contrary, i.e. that a prior decision precludes consideration of a property, note, or mortgage for amount in

controversy purposes. Accordingly, the Court finds that the object of the litigation is either the fair market value of the Property, *Johnson v. Shank*, 2014 WL 794760, at *5 (S.D. Ohio Feb. 27, 2014) ("[T]he fair market value of [the disputed property] speaks to the amount in controversy . . . ."), or the remaining amount due on the Note and Mortgage. *Alexander v. Deutsche Bank Nat. Trust Co.*, No. 3:12–cv–02704, 2013 WL 3098691, at *2–3 (S.D. Ohio June 19, 2013) (concluding that because the worth of the mortgage that plaintiff sought the court to declare void exceeded $75,000, the amount in controversy was met); *see also Maida v. Ret. and Health Servs. Corp.*, 36 F.3d 1097 (Table), 1994 WL 514521, at *2 (6th Cir. 1994) ("In an action to quiet title, however, the amount in controversy is the value of the land." (citations omitted)).

Plaintiffs do not object to the actual calculation of the worth of either the Property or the Note and Mortgage, and Plaintiffs do not object to whether Defendant carried its burden as to the calculations.

Accordingly, the Court **OVERRULES** Plaintiffs' objection, ECF No. 17, **ADOPTS** Magistrate Judge King's R&R, ECF No. 16, and **DENIES** Plaintiffs' motion, ECF No. 8.

**IT IS SO ORDERED.**

_/s/ Michael H. Watson_
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**