UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Genevieve D. Corbitt, et al., | Civil Action 2:15-cv-1725 |
| Plaintiffs, | Judge Michael H. Watson |
| v. | Magistrate Judge Kimberly Jolson |
| Federal National Mortgage Association, | |
| Defendant. | |

## OPINION AND ORDER

Plaintiff Genevieve Corbitt ("Plaintiff")[1] and Defendant Federal National Mortgage Association ("Defendant" or "Fannie Mae") each move for summary judgment. ECF Nos. 49 and 50. Prior to moving for summary judgment, the parties agreed to submit a joint stipulation of facts and to submit simultaneous motions for summary judgment without any further responsive briefing. Order, ECF No. 47. There are no disputed facts in this case.

For the following reasons, Defendant's motion for summary judgment, ECF No. 49 is **GRANTED**, and Plaintiff's motion for summary judgment, ECF No. 50, is **DENIED**.

### I. FACTS

On February 14, 2007, Plaintiff borrowed $336,000.00 with an interest rate of 6.750% per annum upon the execution of a Note payable to Countrywide

---

[1] Plaintiff Thomas D. Corbitt passed away in 2017.

Home Loans, Inc. ECF No. 48, ¶¶ 4–5. Plaintiff used the proceeds from this Note to purchase the property at 101 W. Cherokee Drive, Powell, Ohio. *Id.* at ¶ 1. Plaintiff secured the Note by executing a Mortgage in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Countrywide Home Loans, Inc. ("MERS"). *Id.* at ¶ 9. The Mortgage was recorded in the Delaware County Records on February 26, 2007. *Id.* at ¶ 11.

The Mortgage was subsequently assigned from MERS to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing, LP, on October 4, 2011, and was recorded on October 19, 2011. *Id.* at ¶¶ 13–14. Shortly after assignment, on October 14, 2011, Plaintiff sued BAC Home Loans Servicing, LP and Bank of America Corporation in the Delaware County Court of Common Pleas (Case No. 11 CVH 1257) regarding alleged servicing violations of the Note and Mortgage. *Id.* at ¶ 19. The case was removed from the Delaware County Court of Common Pleas to this Court (Case No. 11-cv-1017; "2011 Federal Case"). *Id.* at ¶¶ 19–20. BAC Home Loans Servicing, LP and Bank of America Corporation filed their answer on February 14, 2012, and did not include a counterclaim for foreclosure. *Id.* at ¶ 21. The parties ultimately reached a settlement on September 17, 2012, and Plaintiff voluntarily dismissed the 2011 Federal Case with prejudice on October 9, 2012. *Id.* at ¶ 22.

Prior to settlement and dismissal of the 2011 Federal Case, the Mortgage was assigned to Fannie Mae on February 1, 2012, and was recorded on

February 10, 2012. *Id.* at ¶ 15. Approximately one year after that assignment, on February 14, 2013, Fannie Mae brought a foreclosure action against Plaintiff in the Delaware County Court of Common Pleas (Case No. 13 CVE 020137; "2013 Foreclosure"). *Id.* at ¶ 23. On June 27, 2013, Fannie Mae filed a motion for summary judgment against Plaintiff, but the court found the claim barred by *res judicata*. *Id.* at ¶ 24. Specifically, Fannie Mae's foreclosure claim was barred because it was based on an alleged June 1, 2011 default on the Note that occurred before the 2011 Federal Case was originally filed on October 14, 2011. ECF No. 48, Ex. E, p. 6. Furthermore, the claims in the 2011 Federal Case "arose out of same [sic] the transaction or occurrence that [was] the subject matter of [the 2013 Foreclosure] Complaint." *Id.* Therefore, *res judicata* applied. *Id.* The 2013 Foreclosure was later dismissed for the same reasons on August 13, 2014. *Id.* at ¶ 26. Fannie Mae filed a timely appeal with the Fifth District Court of Appeals, but the appeal was dismissed on January 23, 2015, because Defendant failed to file a brief. *Id.* at ¶ 27.

After the original filing of the 2013 Foreclosure, servicing of Plaintiff's loan was transferred from Bank of America, N.A. to Green Tree Servicing, LLC ("Green Tree"). *Id.* at ¶ 29. On August 6, 2014—in the midst of the 2013 Foreclosure—Green Tree offered Plaintiff a Trial Payment Plan under the federal Home Affordable Modification Program. *Id.* at ¶ 30. After receiving Plaintiff's next three monthly payments in accordance with the Trial Payment Plan, Green Tree presented Defendant with a Permanent Payment Plan; however, Defendant

did not accept the offer. *Id.* at ¶¶ 31–33. After Plaintiff failed to make monthly payments due November 1, 2014 through August 1, 2016, Green Tree sent Plaintiff a Notice of Default and Right to Cure Default letter via certified mail on August 8, 2016. *Id.* at ¶ 34. Defendant remains the assignee of the Mortgage and holder of the Note, which had a balance of $301,746.87 as of October 1, 2014, and which has accrued interest since then at the rate of 6.75% per annum. *Id.* at ¶¶ 8, 17–18.

## II. PROCEDURAL BACKGROUND

In this case, Plaintiff sued Fannie Mae on April 3, 2015, in the Delaware County Court of Common Pleas asserting two claims. ECF No. 2. First, Plaintiff seeks a declaratory judgment releasing the Note. *Id.* at 6. Second, Plaintiff seeks to quiet title and receive a declaration from the Court "cancelling and releasing the Mortgage." *Id.* at 7.

On May 7, 2015, Defendant removed the case to this Court. ECF No. 1. On June 4, 2015, Defendant answered the Complaint and did not assert any counterclaims. ECF No. 7. On September 15, 2016, Defendant moved for leave to amend its answer to assert a counterclaim for foreclosure. ECF No. 36. This motion was denied without prejudice for procedural reasons on September 20, 2016. ECF No. 37. Defendant filed another motion to amend its answer on September 21, 2016. ECF No. 38. The Magistrate Judge denied Defendant's motion to amend because it was filed over a year after the scheduling order's deadline to file such a motion. Order, ECF No. 40.

## III. STANDARD OF REVIEW

The standard governing summary judgment is set forth in Federal Rule of Civil Procedure 56(a), which provides: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Court must grant summary judgment if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Van Gorder v. Grand Trunk W. R.R., Inc.*, 509 F.3d 265, 268 (6th Cir. 2007).

When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, who must set forth specific facts showing there is a genuine dispute of material fact for trial, and the Court must refrain from making credibility determinations or weighing the evidence. *Matsushita Elec. Indus. Co.*, 475 U.S. 574, 587 (1986); *Pittman v. Cuyahoga Cty. Dep't of Children and Family Serv.*, 640 F.3d 716, 723 (6th Cir. 2011). The Court disregards all evidence favorable to the moving party that the jury would not be required to believe. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th

Cir. 2009).

The Court is not "obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). The Court may rely on the parties to call attention to the specific portions of the record that demonstrate a genuine issue of material fact. *Wells Fargo Bank, N.A. v. LaSalle Bank N.A.*, 643 F. Supp. 2d 1014, 1022 (S.D. Ohio 2009).

The parties have each filed motions for summary judgment. Each party, as a movant for summary judgment, bears the burden of establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. The fact that one party fails to satisfy that burden on its own Rule 56 motion does not automatically indicate that the opposing party has satisfied the burden and should be granted summary judgment on the other motion. In reviewing cross-motions for summary judgment, courts should "evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the non-moving party." *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994). The standard of review for cross-motions for summary judgment does not differ from the standard applied when a motion is filed by one party to the litigation. *Taft Broad.*, 929 F.2d 240, 248 (6th Cir. 1991). The parties in this case have agreed to a stipulated set of facts and have indicated to the Court that there are no factual disputes.

## IV. ANALYSIS

Plaintiff asserts that she "is entitled to the relief she seeks as a matter of law because the Defendant has no enforceable interest in the Note and Mortgage following the disposition of the [2013 Foreclosure] by the Trial Court and the Appellate Court" and this Court's decision to deny Defendant's motion for leave to assert a foreclosure counterclaim. Pl. Mot. Summ. J. 8, ECF No. 50. Plaintiff asserts that the 2013 Foreclosure order granting Plaintiff's motion for summary judgment and dismissing Fannie Mae's complaint for foreclosure is the law of the case. *Id.* Plaintiff goes on to assert that "Fannie Mae is barred by *res judicata* on collecting on the Note and Mortgage." *Id.* at 12.

Defendant, for its part, first argues that *res judicata* does not bar all subsequent foreclosure actions. Def. Mot. Summ. J. 7, ECF No. 49. Second, Defendant argues that under Ohio law a debt is not extinguished even if recovery is barred. *Id.* at 14. Third, Defendant argues that the express language of the Note and Mortgage bar the relief Plaintiff seeks and Defendant could still recover amounts owed once Plaintiff decides to sell the property. *Id.* at 15–16. Finally, Defendant argues it would be inequitable to release the Note and Mortgage. *Id.* at 17.

The Court agrees with Plaintiff that *res judicata* bars, at a minimum, Defendant bringing a foreclosure claim based on Plaintiff's default in June 2011. But the fact that Defendant is barred from asserting a foreclosure based on claims that existed prior to the filing of the 2011 Federal Case (as found by the

court in the 2013 Foreclosure case), and perhaps even barred from foreclosing based on any default Plaintiff may make under the Note and Mortgage (an issue not presently before the Court and explicitly not decided here), does not support the conclusion that the Note and Mortgage should be released. Plaintiff has not explained to the Court, or provided legal authority to support, the logical link between the *res judicata* effect of the 2013 Foreclosure and an entitlement to *release* of the Note and Mortgage.

First, nothing in the loan documents themselves suggests that Plaintiff is entitled to have the Note and Mortgage released. To the contrary, the Mortgage states that it will be released upon payment of all sums owed. ECF No. 48, Ex. B, ¶ 23. Plaintiff borrowed hundreds of thousands of dollars from Defendant and has not paid back most of it. ECF No. 48, ¶¶ 7–8. Plaintiff promised to repay these amounts and executed the Mortgage to secure the loan. *Id.* at ¶ 9. Now, because of litigation choices made by Defendant, Plaintiff seeks not only to renege on her promise to pay, but to have the Court sanction her conduct by erasing the debt entirely. The Court declines to do so.

Plaintiff has not cited any case law suggesting that a borrower who cannot be foreclosed upon due to *res judicata* is entitled to release from a note or mortgage. This Court, in fact, has previously reached the opposite conclusion. In *Marais v. JPMorgan Chase Bank, N.A.*, No. 2:15-cv-827, 2016 U.S. Dist. LEXIS 28763, *11 (S.D. Ohio Mar. 7, 2016) (Smith, J.), this Court found that, even if the plaintiff was correct that the lender "were somehow barred from

bringing any further foreclosure action against Plaintiff, the note and mortgage loan are still valid. There is nothing in the record to suggest that Plaintiff has paid off the remaining amount owed on her mortgage loan." *See also Burd v. Kochalski*, 2:13-cv-593, 2014 U.S. Dist. LEXIS 191097, *7 (S.D. Ohio Mar. 20, 2014) (Watson, J.) (noting that a prior decision on the merits would only have barred a "subsequent foreclosure action *for that prior instance of default*" and would "not mean future defaults become insulated" or that plaintiff "is entitled to the home as if all debts were wiped clean.") The same is true here. Regardless of whether Defendant can ever foreclose on the Mortgage or enforce the Note, Plaintiff has not satisfied her obligations under those documents to warrant release.

## V. CONCLUSION

For these reasons, Defendant's motion for summary judgment, ECF No. 49 is **GRANTED**, and Plaintiff's motion for summary judgment, ECF No. 50, is **DENIED**.

IT IS SO ORDERED.

*/s/ Michael H. Watson*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**